Carruthers & Murray v. McMurray.

| 75 | 173 |
| 80 | 714 |

## CARRUTHERS & MURRAY v. McMURRAY.

1. **Sale:** OF STOCK WITH GOOD-WILL : BREACH : EVIDENCE. Plaintiffs bought of defendant a stock of goods and the lease of the building in which the goods were kept, and they claim that defendant at the time, and as a part of the contract, agreed not to go into the same business in the same town for one year, and this action is to recover for an alleged breach of that agreement. Plaintiffs offered to prove that they would not have made the purchase but for such alleged agreement. *Held* that such evidence did not affect their right of recovery, and hence was properly excluded as immaterial.

2. **Instructions:** OMISSION CURED BY SPECIAL VERDICT. The omission of the court to submit to the jury a question which ought to have been submitted under the issues, is no ground for reversal on plaintiffs' appeal, when the jury, by special verdict, found against them as to the only fact on which they could claim the submission of the question.

3. **Contract**: PAROL AGREEMENT SUBSEQUENT TO WRITING : CONSIDERATION. A parol agreement made subsequent to the completion of a written contract concerning the same subject is not binding unless supported by some new consideration.

4. **Evidence**: EXCLUSION : ERROR CURED BY SPECIAL VERDICT. The exclusion of evidence relating solely to the measure of plaintiffs' damages for the breach of an alleged contract cannot be regarded as material, after the jury has specially found that the alleged contract never had an existence.

5. **Practice**: ARGUMENT TO JURY : NUMBER OF COUNSEL. Every party to an action tried to a jury is entitled to have every fact or point essential to his case called to the attention of the jury by his counsel in argument ; and, guided by this principle, the court may, in its discretion, determine whether one or more counsel shall address the jury either in the opening or closing of the argument. Accordingly, where plaintiffs had two counsel, and one of them addressed the jury in the opening argument, and then stated that they would next be addressed by counsel for defendant, after which his associate would address them further on behalf of the plaintiffs, and the court then adjourned until the next morning, when defendant's counsel waived their right to address the jury, whereupon plaintiffs' counsel who was to have made the closing argument claimed the right to further address the jury, which claim was denied, *held* that this court could not say that in this the court abused its discretion ; it not appearing that there was any failure by the counsel who addressed the jury to fully and fairly present every fact and point material to plaintiffs' case. ( See opinion for statutes considered ).

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge

FILED, SEPTEMBER 8, 1888.

ACTION for the recovery of damages for the breach of an alleged contract for the sale of the good-will of a business. Verdict and judgment for defendant. Plain·tiffs appeal.

*Parsons & Perry,* for appellants.

*Scott & Clute,* for appellee.

REED, J.—For many years prior to the fifth of July, 1883, the defendant had been engaged in business

as a general merchant at Brooklyn. He carried a large
stock, and appears to have done an extensive business.
On that day he sold his entire stock of goods to plain-
tiffs, and transferred to them the lease of the building
in which the business had been carried on, and they
thereafter conducted the same character of business at
the same place. It is alleged in the petition that during
the negotiations he represented and promised that he
would not again engage in that kind of business at
Brooklyn, and that he would not assist either of his
sons in doing so, but that, in violation of that promise,
he had advanced to one of his sons the sum of twenty-
five hundred dollars to enable him to engage in the
same business at Brooklyn, and that many of the custo-
mers who had patronized the store when defendant kept
it, and who continued to patronize it after the sale to
plaintiffs, had withdrawn their patronage, and had
become patrons of the store kept by defendant's son.
Defendant admitted the sale of the goods, but alleged
that the contract was in writing, and denied that the
sale included the good-will of the business, or that he
had bound himself not to engage or assist his sons in
engaging in the same business at Brooklyn. There is a
decided conflict in the evidence given on the trial on the
question as to whether there was a promise by defendant
during the negotiations that he would not again engage
in the business, or assist his sons in doing so. Both
members of plaintiffs' firm testified positively that the
defendant frequently made that promise while the nego-
tiation was in progress, while defendant testified with
equal positiveness that the subject was not mentioned
until after the sale was fully completed, and that he
then did no more than to assure them that it was his
intention not to engage in the business, either at
Brooklyn, or elsewhere, for one year. The jury were
required specially to determine the question, and their
special verdict was to the effect that defendant did not
make the promise alleged during the negotiations. It
was admitted by both parties that a written memo-
randum was signed when the agreement was entered

into. The writing, however, had been lost, and could not be produced upon the trial. The parol evidence as to its contents tended to prove that it was a contract only for the sale of the goods and fixtures in the store.

I.   On the trial plaintiffs offered to prove that they would not have made the purchase of the goods except for the agreement by defendant that he would not engage or assist his sons in engaging in the business in Brooklyn, but on defendant's objection the evidence was excluded. That ruling is assigned as error. We think it is correct. If a stipulation to that effect was a condition of the contract, as plaintiffs claim it was, they were entitled to recover for its breach, regardless of whether it was the moving or principal inducement for them to enter into the agreement or not. According to their claim, the "good-will" of the business was one of the subjects of the contract. They purchased and paid for it in the deal, and if they proved that averment they were as certainly entitled to recover as they would have been if there had been a failure to deliver any part of the tangible property which was the subject of the sale. It was immaterial, therefore, to inquire specially whether that condition was an inducement to the contract.

1. SALE: of stock with good-will : breach : evidence.

II.   The district court instructed the jury that, if the parties treated the written memorandum as the evidence of their contract, its language, as shown by the parol evidence, would be the exclusive evidence of their agreement up to the time it was signed. It was not claimed that the instructions do not correctly state the general rule as to inadmissibility of parol evidence to vary the terms of a written instrument. But the contention was that if the contract, as entered into by the parties, related to two subjects, viz., the stock of goods and the good-will of the business, and the memorandum covered but one of these subjects, the rule would not be infringed by the admission of parol evidence of the contract as to the other. It is true that an

2. INSTRUC-TIONS : omis-sion cured by special ver-dict.

exception to the general rule arises when "the original contract was verbal and entire, and a part only of it was reduced to writing." 1 Greenl. Ev. sec. 284*a*. But in view of the special verdict, which determines that the original contract did not include the alleged condition, it cannot be material to inquire whether the case, if the allegation had been proven, would have fallen within the exception or been governed by the rule. With that finding the question is a mere abstraction, and very clearly plaintiffs sustained no prejudice from the failure of the court to submit it to the jury, even if it should be admitted that, as the case stood when it went to the jury, they were entitled to have it submitted.

III. The court also instructed that if defendant did not make the alleged promise pending the

3. CONTRACT: parol agreement subsequent to writing: consideration.

negotiations for the sale of the goods, but did make it after the sale was completed, and after the written memorandum was signed and delivered, it would not, unless supported by some new consideration, amount to a contract, and an action would not lie for the violation of it. The instruction is right. The promise, if made at that time, was not a mere modification of the written contract, but related to another subject, and, if binding, imposed new obligations and rights upon the parties. It was, in effect, a new and distinct agreement, and, to be binding as a contract, all the elements of a contract must have been included in it.

IV. Defendant introduced sixty-four witnesses, who testified that prior to the sale to plaintiffs

4. EVIDENCE: exclusion: error cured by special verdict.

they had been patrons of the store, and that they continued to patronize it up to the time when defendant's son commenced business, when they transferred their patronage to him; and, being asked for the reason of such change, stated that it was because of their dissatisfaction with the manner in which plaintiffs conducted the business and kept their accounts. Counsel for plaintiffs proposed to cross-examine each of the witnesses

fully as to the particular matters or transactions out of which he claimed his dissatisfaction arose, for the purpose, as he stated, of showing that he had no real ground of dissatisfaction. But the court, on defendant's objection, refused to permit that question to be gone into. In view of the special verdict, the question arising on this assignment is also a mere abstraction. The testimony of the witnesses related solely to the measure of plaintiffs' recovery in case they had succeeded in establishing a right of recovery. But the special verdict determines that they have no cause of action.

V. Two attorneys appeared for plaintiffs in the trial. After the evidence was concluded one of **5. PRACTICE: argument to jury: number of counsel.** them addressed the jury. In closing his argument he stated to the jury that they would then be addressed by counsel for the defendant, after which his associate would address them further on behalf of plaintiffs. The court then adjourned until the next day. On the opening of the court the next morning the court directed that the argument of the cause proceed. Defendant's attorneys then stated to the court that they waived their right to address the jury. Up to that time plaintiffs' counsel had given no indication that they desired to argue the case further in the opening, but, immediately on the announcement by defendant's counsel of their election, the one who was to have made the closing argument claimed the right to further address the jury, conceding, however, to defendant's counsel the right to argue the case after him if they so desired. The court, however, ruled that he was not entitled to be heard further, and submitted the cause to the jury. The order of the trial is prescribed by statute. One provision is that "in the argument the party having the burden of the issue shall have the opening and closing, but shall disclose in the opening all the points relied on in the cause, and if in the close he should refer to any new material point or fact not relied upon in the opening, the adverse party shall have the right to reply thereto, which reply shall close the argument in the case." Code, sec. 2780.

Another is that "every plaintiff or defendant shall be entitled to appear by one attorney, and if there be but one plaintiff or defendant, he may appear by two." Sec. 2782. It will be observed that these sections contain no express provisions as to the number of counsel who may address the jury, either in the opening or closing of the argument. It was contended in argument, however, that the right conferred by section 2782, to appear by two counsel, necessarily implies the right to have the benefit of the learning and skill of each of them at every stage of the trial. But this claim manifestly is too broad. It is provided by another section (2779) that but one counsel on each side shall examine the same witness, and that upon interlocutory questions but one counsel on each side shall be heard, unless by permission or direction of the court. We think it was the intention of the legislature to leave the matter to the sound discretion of the court. The parties have the right to have the cause fully and fairly argued to the jury, and the court is prohibited from imposing any limitations upon counsel as to the time they may occupy in their argument to the jury. Sec. 2783. If for any reason one counsel is not able to fully present the cause in the opening, the right which plaintiff certainly has to have every fact or point essential to his case called to the attention of the jury at that time would imply, perhaps, the right to have the cause further presented by another attorney. And cases may often arise in which the fair administration of the law would demand that such privilege be extended to him. But after the argument has been fully and fairly opened, he cannot demand, as matter of right, that his counsel be further heard, except in reply to the argument for the adverse party. In the present case it does not appear that there was any failure by the counsel who addressed the jury to fully and fairly present every fact and point material to plaintiffs' case. The conduct and actions of plaintiffs, and the counsel who was to have closed the argument, indicated that they were fully satisfied with the effect he had made. Both they and the court regarded that the case had been fully argued. The refusal

of the court to permit the other counsel, under these circumstances, to further address the jury, was not a denial of a right they were entitled under the law to enjoy. Neither was it an abuse of the discretion with which the court is clothed.                    AFFIRMED.