THE STATE OF MISSOURI at the relation of IRA
R. CLARK, Relator, v. BENJAMIN J. KLENE,
One of the Judges of the Circuit Court of the City
of St. Louis, Missouri, and NELL CLARK, Re-
spondents.

St. Louis Court of Appeals. Opinion Filed April 22, 1919.

1. **ARMY AND NAVY. Soldiers' and Sailors' Civil Relief Act: Stay
of Proceedings: Discretion of Court.** Section 201 of the Soldiers'
and Sailors' Civil Relief Act of Congress of March 8, 1918 (section
3078¼c, U. S. Comp. Stat. 1918) leaves the granting of a motion
to stay proceedings within the sound discretion of the court.

2. ———: ———: ———: ———: ———. Where relator, already
in the service of the United States Army, voluntarily filed suit
for divorce, etc., and upon an *ex parte* hearing was granted an
absolute decree of divorce, and within the same term at which
the decree was rendered defendant filed her motion to set the
decree aside, alleging fraud, etc., and relator asked for a leave
of absence, etc., which was denied, *held* that the trial judge in
refusing to stay proceedings has not in any wise, in so far as
he has proceeded, exceeded that sound discretion which is vested
in him under the Soldiers' and Sailors' Civil Relief Act, Section
201 (U. S. Comp. Stat. 1918, section 3078¼c.)

3. **PROHIBITION: Nature and Scope of Remedy: Discretion of In-
ferior Court.** The judicial exercise of discretion by an inferior
court having jurisdiction will not be interfered with by the writ
of prohibition.

4. ———: ———: **Discretion of Court as to Grant of Writ.** Dis-
cretion of the court as to grant of a writ of prohibition should
be applied with judicial circumspection, and applied to the facts
as presented by each individual case, nor should it be granted un-
less the usurpation of jurisdiction by the inferior tribunal is
clear.

Prohibition.    Original Proceeding.

PERMANENT WRIT DENIED.

*H. C. Whitehill* for relator.

(1) Where the demurrer is filed to petition for writ, it admits all well-pleaded facts thereof, and if these facts thus admitted show relator's right to the writ, the demurrer should be overruled, and the writ made permanent. State ex rel. Trust Co. v. Barnett, 245 Mo. 99; State ex rel. Letcher v. Dearing, 253 Mo. 604; State ex rel. Hotel Co. v. Kimmel, 183 S. W. 651; State ex rel. Powers, v. Rassieur, 184 S. W. 116. (2) The writ will lie to restrain further judicial action in proceedings wherein the court has jurisdiction, if the attempted action is in excess of the authority of the inferior court the writ being available to keep the court within the limits of its power in a particular proceeding, and to prevent an abuse of judicial power in such particular proceeding. State ex rel. Knisely v. Trustees, 268 Mo. 163; State ex rel. Wilson v. Burney, 193 Mo. App. 326; State ex rel. Fenn v. McQuillin, 256 Mo. 693; State ex rel. Deems v. Holtcamp, 245 Mo. 655; State ex rel. Bernero v. McQuillin, 246 Mo. 517; State ex rel. Tuller v. Seehorn, 246 Mo. 568; State ex rel. v. Stobie, 194 Mo. 14, 52. (3) The court will not consider the merits of the action wherein the lower court is attempting to exercise jurisdiction, and will not anticipate what results will follow the issuance of a permanent writ, the question being whether the court has jurisdiction. State ex rel. Railroad Co. v. Homer, 164 Mo. App. 334; Willow Springs C. Co. v. Mt. Gr. C. P. & P. Co., 197 S. W. 916; State ex rel. Lumber Co. v. Dearing, 180 Mo. 53; State ex rel. Gavin v. Muench, 225 Mo. 210; State ex rel. v. McQuillin, 260 Mo. 164, 173. (4) The Act of Congress of March 8, 1918, known as the Soldiers' and Sailors' Civil Relief Act, being a valid act of Congress, under its constitutional powers, requires the court wherein any proceeding or action is commenced, to stay the same at any stage thereof upon the filing of an application therefor by a person in military service, unless

the court is of the opinion that his ability to prosecute or defend the action is materially affected by reason of such military service. Act of Congress, March 8, 1918, Secs. 100, 101, 102, 200, 201, 302, 500; Dietz v. Truepel, 170 N. Y. Supp. 108; Post and Wagner v. Thomas, 170 N. Y. Supp. 227; Davison v. Lynch et al., 171 N. Y. Supp. 46; Hoffman v. Savings Bank, 121 N. E. 15. (5) The Act being conceded to be a valid exercise of the powers of Congress, the same becomes the supreme law of the land, and supersedes the State laws in whole and in part, which latter must of necessity yield thereto, and the respondent judge is bound thereby, anything in the Constitution or law of the State to the contrary notwithstanding. McCulloch v. Maryland, 4 Wheat. 405; Gulf, etc., Ry. Co. v. Hefley, 158 U. S. 98, 104; Southern Ry. Co. v. Reid, 222 U. S. 424; Northern Pac. Ry. Co. v. Washington, 222 U. S. 370; Second Employers' Liability Cases, 223 U. S. 1, 55, 56, 57, 58; Claflin v. Houseman, 93 U. S. 130, 136; Rich v. Railroad, 166 Mo. App. 379. (6) The judgment rendered in favor of relator in the circuit court is a property right, and he is vitally interested therein, and the proceeding whereby the same is sought to be taken from him, if sustained, will deprive him of the same without due process of law, nor will he be accorded the equal protection of the laws, as guaranteed by both the Federal and State Constitutions. Fourteenth Amendment to U. S. Constitution; Art. 2, Sec. 30, Const. of Missouri. (7) The laws of Missouri prohibit a review of any judgment rendered in any divorce proceeding, unless filed as motion for new trial or in arrest of the judgment within four days after rendition of judgment, except that a new suit may be commenced in equity to set aside a judgment obtained by fraud, there being no authority to set aside a default judgment in divorce after hearing evidence upon default and inquiry, any law or statute to the contrary notwithstanding. R. S. 1909, sec. 2381; Dorrance v. Dorrance, 242 Mo. 625; Salisbury v. Salisbury, 92 Mo.

683; Icing Co. v. Kemper, 166 Mo. App. 613; Miller v. Crawford, 140 Mo. App. 711.

*Wilbur B. Jones* for respondents.

(1) Circuit courts are of general jurisdiction, and have control of their judgments, and, in the absence of statutory inhibition, may, in their discretion, set aside a default at any time during the term at which it was rendered. Hulbert v. Treadway, 159 Mo. 665, 60 S. W. 1035. (2) Exercise of discretion by inferior court having jurisdiction will not be interfered with by writ of prohibition. State ex rel. Ward v. Lubke, 29 Mo. App. 555; State ex rel. v. McQuillin, 262 Mo. 256, l. c. 269, 171 S. W. 72; State ex rel. Kiersey v. Calvird, 195 Mo. App. 354, 191 S. W. 1079; State ex rel. v. Shields, 237 Mo. 329, 141 S. W. 585; State ex rel. v. Mills, 231 Mo. 493, 133 S. W. 22. (3) It is clear that the Act of Congress of March 8, 1918, vests discretion to act in the court in which the motion to stay proceedings is filed. U. S. Compiled Statutes 1918, (West Publishing Co.); Par. 30781/4, sections 103, 201, 203, 300 (2), 301 (2); Federal Statutes Annotated (2 Ed.), Supplement 1918, page 810, same sections. (4) The Soldiers' and Sailors' Civil Relief Act, being the act of Congress of March 8, 1918, may not be interposed by relator to prevent the setting aside of a judgment fraudulently obtained by him after the commencement of his period of military service, and after the date of the approval of said Act. Federal Statutes Annotated (2 Ed.), Supplement 1918, page 810, sections 302 (1), 500 (1), 600.

BECKER, J.—By our writ of prohibition the relator seeks to prohibit the defendants, Benjamin J. Klene, judge of the circuit court of the city of St. Louis, and Nell Clark from proceeding to hear and determine a motion to set aside and vacate a judgment, namely, a decree of divorce rendered in favor of the

relator, Ira R. Clark, against Nell Clark one of the respondents herein.

Upon application being filed a preliminary rule was entered requiring the respondents to show cause. Respondents in due course made their return, wherein they demurred to the petition and writ in this cause for the following reasons:

"First:   Because said petition and writ do not state facts sufficient to constitute a cause of action, nor facts sufficient to entitle relator to the relief prayed for in his said petition, nor to any relief from this court, nor to the issuance of any writ to prevent the respondent, Klene, as judge aforesaid, from continuing in the discharge of his official duty, and hearing and determining the certain motion to set aside and vacate a decree of divorce granted relator referred to in said petition.

"Second:   Because it appears upon the face of said petition that the said certain motion to set aside and vacate was filed at and during the same term of said circuit court as that at which the said decree of divorce was rendered, and that power to make any orders affecting said decree of divorce rested and continued to rest during said same term in the discretion of said circuit court and jurisdiction to act in the premises was and is in said circuit court.

"Third:   Because it appears upon the face of said petition that any action to said proceedings under the said Act of Congress referred to in said petition is within the discretion of said circuit court, and jurisdiction to act in the premises was and is in said circuit court.

"Fourth:   Because it appears on the face of said petition that relator herein is not entitled in this cause to the benefit of said Act of Congress."

Whereupon relator moved for judgment upon the pleadings.

The ground for the application of this writ is based upon the Soldiers' and Sailors' Civil Relief Act of Congress of March 8, 1918.   [U. S. Comp. Stat. 1918,

West, Sec. XVIa. p. 417, et seq.] The relator herein, as plaintiff in a suit pending in the said circuit court, having filed a written application, duly verified, setting forth that for the past twenty months he has been and still is in the military service of the United States and unable by reason of that fact to be present in person and to defend himself against the charges and accusations made against him by a motion filed in said cause by the defendant, Nell Clark, one of the respondents herein, in which said motion the said relator (as plaintiff in said action) is alleged to have obtained a decree of divorce from the defendant, Nell Clark, upon fraud and false and untrue testimony and affidavits in said proceedings, and that plaintiff was not the innocent and injured party within the meaning of the law of the State of Missouri, and that plaintiff was not entitled to the relief granted him by the said circuit court in awarding him a decree of divorce.

The petition is lengthy but the apparent facts admitted by the pleadings may be stated as follows: That relator filed his petition for divorce in the circuit court of the city of St. Louis, and upon the statutory affidavit an order of publication was obtained as against the defendant on the ground that the defendant was a nonresident of the State or on the ground that the defendant had absented herself from the usual place of abode so that the ordinary process of law could not be served upon her; that upon the filing of the proof of publication a default was granted plaintff and on February 19, 1919, on *ex parte* hearing, a decree of divorce was granted to said relator; that on February 28, 1919, and during the same term of the court at which the said judgment of divorce had been rendered, the respondent, Nell Clark, filed her certain motion in said cause to set aside and vacate the said judgment of divorce in favor of the said relator on the following grounds, among others, that she had no actual notice of the pendency of said suit; that the relator had perpetrated a fraud upon her and upon the court by various allegations in the petition, in that he was not

a resident of the State of Missouri for the required length of time immediately next before the filing of said suit; that the relator at all times well knew where she was but had fraudulently induced the court to issue an order of publication to obtain jurisdiction of the cause; that each and all of the allegations contained in the petition were false and untrue; that relator was not an innocent and injured party in that he had been guilty of gross indignities toward the defendant and had been repeatedly drunk while in the uniform of an officer of the United States Army and had come home in such condition while he. and the defendant were living at Jefferson Barracks, Missouri; that he had wasted his practice as a physician and surgeon; that defendant has a good and valid defense to the petition, and that at the time the petition was filed defendant was temporarily absent from the State of Missouri as she was at and during all the time the action for divorce was pending. And in the motion the defendant prayed the court to set aside the decree and to restore her *status* as a married woman and to permit her to file an answer and cross-bill in said cause. This said motion was duly verified.

It further appears that the judge of the circuit court, upon the filing of said motion of the defendant, peremptorily set such motion for hearing on March 28, 1919, whereupon the relator, acting through his attorney of record, filed a written motion to stay proceedings in the action, relying upon the Soldiers' and Sailors' Civil Relief Act of Congress of March 8, 1918; that on March 28, 1919, the said motion was overruled and that the court proceeded to take up for hearing the said motion of the respondent, Nell Clark; that the said application of the relator to stay proceedings in the action recited, among other reasons, that the plaintiff in the cause was and had been for twenty months past in the military service of the United States, having been regularly commissioned for a term ending in May, 1923; that he had applied for leave of absence, "to be present at a divorce proceeding to which he was a party there-

to;" that said application had been refused; that the charges against him and the allegations contained in defendant's motion are each false and untrue and are a direct reflection upon his character as a private citizen and as an officer i nthe United States Army, and that he desires an opportunity to be present and to be heaid and to offer testimony to refute the same, which he cannot now do on account of his military duties.

Section 201, of the Soldiers' and Sailors' Civil Relief Act of March 8, 1918, (sec. 3078-1/4 U. S. Comp. Stat. supra), provides that: "At any stage thereof any action or proceeding commenced in any court by or against a person in military service during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed, as provided in this Act, *unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."* (Italics ours.)

As we read this section we are of the opinion that the framers of the Act intended to lodge in the trial court a sound discretion, upon a motion to stay proceedings being filed by a party litigant, to be exercised according to the facts as they may appear in each case. And our view in this regard is strengthened by a reading of the entire Act in that various other sections thereof provide that the things therein provided shall be discretionary upon the court. And this must of necessity be so in that no such Act as this could possibly be framed which could set a hard and fast rule, mandatory upon the court, upon the mere filing of a motion to stay procedings, to sustain the same without in many instances doing irreparable injury to parties litigant and result, instead of making the Act one for the protection of those who may be engaged in the service of the United States Army, and Navy, in making it one which enables the Act to be invoked as a sword instead of a shield.

The present case perhaps may be looked upon as presenting facts illustrative of the very point we have endeavored to make. Here we have a case wherein relator, as plaintiff below, when already in the service of the United States Army, voluntarily filed his suit for divorce against his wife, and upon affidavit that she was a nonresident of the State, obtained an order of publication and in due course thereafter, having filed proof of publication, was permitted to take a default as against the alleged nonresident defendant, and then upon *ex parte* hearing was granted an absolute decree of divorce, the effect of such judgment being that the former wife is deprived of any possible relief under the Articles of War governing court's martial, article 95 (9th Federal Statute Annotated (2 Ed.), page 1288) which requires that married officers in the service of the United States Army support their wives. Therefore so long as the decree of divorce remains of record the wife, by reason of such decree, is deprived of any opportunity to apply for support under such provision in the Articles of War governing court martials, and then when within the same term of court at which the decree was rendered she files a motion alleging fraud in the procurement of such divorce, the plaintiff under the provisions of the Soldiers' and Sailors' Civil Relief Act by merely filing his motion to stay proceedings, may deprive her of any redress in the civil courts until six months after the expiration of the war or until three months after the expiration of plaintiff's time of service, which in the instant case is some time in 1923 In other words, the defendant, though she filed a timely motion setting up fraud upon the court as well as upon herself in the procurement of an *ex parte* decree of divorce, the plaintiff would be enabled, by invoking the aid of the said Act, to deprive the defendant of all her civil rights and remedies as well as to deprive her of any opportunity to secure her rights under the Articles of War governing court's martial.

It is perhaps well to note that it appears from the record before us that the relator, though he made application to his superior officers for a leave of absence, that he therein stated as the purpose for which he desired his leave of absence was, "to attend the trial of a divorce case in which he was a party," while in all candor and honesty of purpose it would have been proper for him to have stated as the ground for asking leave that he might attend the hearing of a motion in which it was sought to set aside a decree of divorce obtained by him on the ground of alleged fraud on his part upon the court and upon the defendant—quite a different matter, in our judgment, particularly when the granting or denying of the leave of absence is to be passed upon by officers of the United States Army.

As stated above we are of the opinion that section 201 of the Act (3078a supra) leaves the granting of a motion to stay proceedings within the sound discretion of the court and in view of the facts as they appear from the record before us we are unwilling to rule that the learned trial judge has in any wise, in so far as he has proceeded, as shown by this record, to have exceeded that sound discretion which is vested in him under the Act. The judicial exercise of discretion by an inferior court having jurisdiction will not be interfered with by a writ of prohibition and whilst the mere power to grant a writ of prohibition is not of so much importance in determining, whether or not it shall go, as is the question of the discretion of the court which is asked to issue it, such discretion should be applied with judicial circumspection and applied to the facts as presented by each individual case, nor should it be granted unless the usurpation of jurisdiction by the inferior tribunal is clear. [State ex rel. v. McQuillin, 262 Mo. 256, 171 S. W. 69; State ex rel. v. Calvird, 195 Mo. App. 354, 191 S. W. 1079; State ex rel. v. Seay, 23 Mo. App. l. c. 629; State ex rel. v. Lubke, 29 Mo. App. 555.

201 M. A.—27

This conclusion makes it unnecessary for us to decide the other question discussed in the briefs. The preliminary rule in prohibition is therefore quashed and the permanent writ refused.

*Reynolds, P. J.,* and *Allen, J.,* concur.