## Fennell v. Frisch's Adm'r.

(Decided May 27, 1921.)

### Appeal from Campbell Circuit Court.

1. Trial—Stay of Proceedings—Party Engaged in Military Service.
   —Under sec. 201 of the Soldiers' and Sailors' Relief Act of March, 1918, providing for a stay of proceedings in actions in which one engaged in the military service is a party, it is discretionary with the trial court whether under the circumstances of the particular case, the ability of the plaintiff to prosecute the action, or of the

536     KENTUCKY REPORTS.     [Vol. 192.

defendant to conduct his defense, is materially affected by reason of said military service.

2. Trial—Stay of Proceedings—Party Engaged in Military Service. Where defendant in a damage suit, though engaged in the military service of the government, was located within a few minutes' ride of the place of trial, and spent his evenings at home, and his duties were such as enabled him to attend to personal business, the court did not abuse its discretion in refusing to grant a stay of proceedings, where it is not shown defendant was in any wise prevented from properly preparing his case, or that such preparation interfered with his military duties.

3. Trial—Directed Verdict—Submission to Jury.—A directed verdict is never proper where there is a contradiction in the testimony, but the case must be submitted to the jury upon appropriate instructions.

4. Witnesses—Impeachment.—A witness cannot be impeached by the showing of an admission to disclose or testify to matters on an occasion not calling for such disclosure or testimony.

5. Trial—Avowal.—The purpose of an avowal is to enable the court to know what answer a witness would have made to a question to which an objection is sustained, and it must appear that upon a previous occasion he was interrogated in such a manner as called from him an answer in regard to the matter about which the inquiry is being made.

6. Trial—Argument of Counsel.—In an ordinary damage suit, not possessing any extraordinary features, where defendant was represented by two attorneys, but only one of whom examined the witnesses, the court did not err in refusing defendant the right to have the case argued to the jury by both lawyers under Civil Code, sec. 317, subsec. 6, the argument having been made by the one who examined the witnesses.

7. Trial—Argument of Counsel.—Every litigant has the right to have his case fully and fairly presented to the jury, and if for any reason one attorney is not able to do this, the litigant should be entitled to further counsel, but unless the fair administration of justice demands it, the court is not required to permit an argument by more than one attorney for each party.

HARMON, COLSTON, GOLDSMITH & HOADLEY, BENTON S. OPPENHEIMER, H. M. HEALY and HUBBARD SCHWARTZ for appellant.

LOUIS REUSCHER for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

We will designate the parties to this appeal as they appeared in the court below.

About eleven o'clock on the morning of January 1, 1919, Earl Frisch, a lad of fourteen years of age, was

struck by an automobile driven by defendant. Neither the intravenous injection of a saline solution nor an abdominal operation was sufficient to overcome the effect of the shock produced by the blow, and the boy died that evening at eight o'clock.

The accident occurred at Third and Monmouth streets in Newport. A heavy rain had been falling and there was a sharp, cold wind from the east. Decedent and three companions had been playing in this vicinity, and for the purpose of drying their clothing they had gone to the furnace room of an apartment house on the southwest corner. The near approach of the janitor caused them to leave the basement and go outside. When decedent reached the sidewalk he pulled up his coat collar and with his head bowed and face turned westward to avoid the wind and rain, he started to run cater-cornered across the street.

Defendant, in a closed Dodge car, was westward bound on Third street, the right wheels of his car being about one foot north of the north rail of the railway track. He was running at the rate of approximately 12 miles an hour. The collision between the boy and the machine occurred northwest of the center of the intersection. Upon the trial of a suit instituted by the administrator there was a verdict in his favor for $2,000.00, to reverse which this appeal has been prosecuted.

Defendant was a captain in the ordnance department of the government and at the date of the trial was located at Cincinnati, Ohio. His official duties were such as to permit him to spend a portion of his time at his home in Newport. In private life defendant was a contractor for heating and ventilating equipment and at the time of the accident was on his way to his Newport office.

The first error complained of is the refusal of the court to grant a continuance of the case on the ground that defendant was engaged in the military service of the government. This point is grounded on the Soldiers' and Sailors' Civil Relief Act, passed by Congress in March, 1918, sec. 201, of which (U. S. Comp. Stats., 1918, sec. 3078¼) provides, in substance, that on application by any person in the military service of the government or by some one in his behalf to a court for a stay of proceedings in any action or proceeding in which applicant is a party, the request should be granted unless in the opinion of the court the ability of the plaintiff to prosecute the action

or the defendant to conduct his defense is not materially affected by reason of his military service.

It was the evident purpose of Congress to make it discretionary with the trial judge whether, under the facts of a particular case, a stay of proceedings should be had. Unless, therefore, the lower court abused its discretion, no relief can be accorded defendant. Had defendant been away from home in the military or naval service, and because of this fact unable to assist in the preparation of his case or to consult with his counsel, or to be present in person at the trial we would have a case different from that presented by the present record and one the like of which called for the protection of a moratorium such as provided by Congress.

The fact that defendant was a commissioned officer in the army did not of itself compel the court to grant a continuance of the case or to suspend proceedings. We are cognizant of the fact the armistice had been signed more than a year at the time of trial. It does not appear that the purpose of the act, to-wit: the enabling of the United States to more successfully prosecute and carry on thewar, was violated or frustrated in any wise; nor that defendant was prevented from devoting his entire energy to the military needs of the nation; nor that the time he found necessary to give to the case interfered in any way with his official or military duties; nor is there any showing that defendant was hindered or prevented from giving to his defense such attention and preparation as he and his counsel deemed necessary. The courts should and will protect persons engaged in the military service of the country from any loss or injury on account of their absence from the states, or their inability to properly attend to legal proceedings in which they are interested. But where, as in the instant case, the defendant resided in the county where the trial was had and probably continued to attend to his contracting business we are satisfied he was accorded full opportunity to prepare his case for trial without the least interruption to or interference with his military duties, and that the circuit judge was within his rights when he overruled the motion to postpone the trial. See in this connection State v. Klene, 201 Mo. App. 408, 212 S. W. 55; Deitz v. Treupel, etc., 170 N. Y. S. 108.

Defendant's chief insistence is that he was entitled to a peremptory instruction both at the close of plaintiff's evidence and at the close of all the evidence; in other

words, he was not negligent and that but for the contributory negligence of decedent the accident could not and would not have happened.

Defendant and a fourteen year old boy by the name of Bagby were the only eye witnesses to the accident. Bagby says that when he saw defendant the machine was not more than two feet from decedent, who was then half way of the intersection; that defendant had his arm around a bull dog on the seat beside him; that defendant "was looking kinda to the side, that is, he was looking sideways," and had only his left hand on the wheel.

Defendant admits that he had the dog on the seat with him but denies that either his arm or his hand was around or on the dog. On the contrary he says both hands were on the wheel, and he was looking directly ahead. This direct conflict in the evidence made this question one for the jury, consequently it cannot be said the court erred in refusing to direct the jury to find for defendant.

In the cross-examination of the witness, Bagby, he was asked about his appearance before the coroner, two or three days after the accident, and this occurred:

"Q. You told the coroner, I presume, everything you knew about the case at that time?

"A. Yes, sir.

"Q. You were called there for that purpose, to tell him all you knew, were you not?

"A. Yes, sir.

"Q. And you did so, did you not?

"A. Yes, sir.

"Q. Did you at that time say anything to the coroner about Capt. Fennell having his arm around a dog and looking in any direction except straight before him?

"Counsel for plaintiff objects. Court sustains the objection and counsel for defendant excepts and makes the following avowal:

"If the witness were permitted to answer we would expect to prove that in his testimony before the coroner he had stated nothing whatever about Capt. Fennell having his arm or hand or any other portion of his body upon or around a dog, or about his having looked in any other direction, except straight in front of him.

"Counsel for plaintiff objects and excepts to the avowal."

The ruling of the court in this regard is urged as error. If this witness had testified before the coroner, as it seems

to be admitted he did, and had failed to state in his testimony on that hearing that defendant had his arm around the dog, it would be competent to inquire into that matter if the proper procedure was followed. But here defendant failed. Technically the court erred in sustaining the objection to the question, but the avowal fails to lay the proper foundation to justify a reversal. Perhaps the facts did not warrant a further or different statement; we do not know. In the first place it is not shown the witness was interrogated in regard to the presence of the dog at the hearing before the coroner. Unless, therefore, he was asked or testified specifically about the dog, defendant would have no right to impeach his testimony. He could not be impeached by the showing of an omission to disclose or testify to matters on an occasion not calling for such disclosure or testimony. 40 Cyc. 2705. The mere fact that he was asked and did undertake to tell all he knew about the accident is too general. How few could relate all the details of a collision like this without the aid of suggestion or interrogation from counsel. Probably Bagby was not impressed with the importance of his testimony about the dog and the position of the driver. Perhaps in the excitement of the hearing he did not enter into details. How could it be expected of him to tell all he saw or knew unless his attention was directly called to the matter?

The avowal is susceptible of the conclusion that counsel expected to prove by some one other than the witness himself that in his testimony before the coroner he said nothing about the dog. It is possible the witness Bagby in testifying before the coroner did say something about the dog and yet persons at the hearing may not have heard his testimony, but whether he did so testify or not the important question is was the boy, at the coroner's inquest, asked such questions as would have called from him an answer to the question whether defendant had his arm around or about the dog? The purpose of an avowal is to enable the court to know what the witness would have stated in answer to the question propounded, and to inform the court what the interrogator would prove contrary to the testimony given at the trial. The avowal referred to did not meet the requirements of the rule. The avowal should have read, in substance, "that if the witness was permitted to testify he would state, and same was true, that upon the hearing before the coroner he was asked whether the driver of the automobile had his arm

around or about the dog, and he answered, 'No,' '' or it should have at least disclosed the fact that the character of questions propounded was such as to have elicited from the witness any knowledge he may have had on this subject.    This it did not do.

The next error complained of is the court's refusal to allow two attorneys to make the closing argument.

Civil Code, sec. 317, subsec. 6, provides:

''The parties may then submit or argue the case to the jury.    In the argument, the party having the burden of proof shall have the conclusion and the adverse party the opening.    If there be more than one speech on either side, or if several defendants having separate defenses appear by different counsel, the court shall arrange the relative order of argument.''

Speaking of the same question now raised by counsel the court in Sodousky, etc. v. McGee, 4 J. J. Mar. 267, says:

''It is a rule of practice in the courts of this state to permit two and only two counsel to speak on each side in civil cases.    This is sufficiently liberal.    This number might be reduced to one, and there could be no just complaint; all that a party can demand is that he shall be heard by himself, or by his counsel.    He cannot claim the right to be heard by a multitude of counsel, or by more than one representative.''

See also 38 Cyc. 1473 and Carruthers, etc. v. McMurray, 75 Iowa 173, 39 N. W. 255.

It was the manifest intention of the legislature in the enactment of the Code provision, *supra,* to leave to the sound discretion of the court the number of counsel that should address the jury.    Each party has the right to have his case fully and fairly argued and presented to the jury, and if for any reason one lawyer is not able to do this the litigant should be entitled to further counsel. Such representation should be allowed in those cases in which the fair administration of justice demands that such privilege be extended.    In the instant case it does not appear the court abused its discretion.    This was an ordinary suit for damages, nor did it possess any extraordinary features.    The attorney who addressed the jury was the one who handled the case; he examined all of defendant's witnesses and cross-examined the witnesses for plaintiff.    The circumstances considered the refusal of the court to permit additional counsel to argue the case

was not the denial of a right that defendant was entitled under the law to enjoy.

It is also claimed the instructions were erroneous, but from an examination of these we are satisfied they properly presented the case to the jury.

Finding nothing justifying a reversal the judgment must be, and is, affirmed.