ORRICK v. ORRICK.

No. 21901.

Kansas City Court of Appeals.

Missouri.

June 7, 1954.

Richard K. Phelps, R. H. Moore, Kansas City, for appellant.

Stinson, Mag, Thomson, McEvers & Fizzell, Lawrence R. Brown, William F. Fuhr, Kansas City, Mo., for respondent.

DEW, Judge.

This is an appeal from an order of the trial court, made on a motion by the defendant, and which modified a previous order to stay the action for the plaintiff under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, § 501 et seq. The plaintiff's action is one for divorce and defendant filed a cross petition for separate maintenance and filed the motion to modify above mentioned.

This case previously was before us on an appeal involving the legality of the plaintiff's service on defendant by publication, and we held the service void, reversed the decree and remanded the cause for reinstatement on the docket. Orrick v. Orrick, Mo.App., 233 S.W.2d 826.

In 1945, the plaintiff, then a Lt. Colonel in the United States army, married the defendant in France. One child was born in France as a result of the marriage. Becoming detached from the army in 1946, plaintiff desired to return to the United States and resume his army career and left for the United States in 1947 for that purpose. He had completed all arrangements for defendant and his daughter to join him in the United States. She and her child arrived in New York, November 24, 1947. Plaintiff had rejoined the United States army and, after several weeks' delay in locating him, he joined the family in New York on January 3, 1948. He lived with the defendant as his wife for a few weeks in New York and Boston. On January 17, 1948, plaintiff left the defendant and his child. Defendant was then ill and expecting her second child, who was later born on October 8, 1948, in Los Angeles, California, where defendant went for more favorable climate and for recommended medical attention. Meanwhile, she had instituted a suit for divorce or one for separate maintenance in Boston, and had certain orders made for temporary alimony and support. This proceeding seems to have been abandoned after defendant moved to California and learned of a decree of divorce obtained by plaintiff in Kansas City, Missouri.

After the decree to plaintiff in his divorce case had been set aside on appeal and the cause remanded for reinstatement on the trial docket, defendant filed her answer therein and a cross petition for separate maintenance. Thereafter, plaintiff filed his motion to stay the proceedings upon the ground that he was in the military service and because his duties therein rendered him unable to devote the necessary time to the prosecution of his case and to the defense of defendant's cross petition against him. On the same day defendant filed her motion for attorneys' fees, child support and temporary alimony, alleging, among other matters, that she was compelled to employ counsel to set aside the decree of divorce previously obtained in this cause by the plaintiff; that she would be obligated for further attorneys' fees in the taking of depositions on the merits of this case; that she was destitute of funds for such purposes, and that plaintiff had an income of $600 a month. On April 20, 1951, on plaintiff's evidence that his military assignments precluded his attendance to court matters, and defendant's evidence as to her financial conditions and obligations, the court overruled plaintiff's motion to stay as to child support and temporary alimony, which the court granted; and sustained the order to stay as to attorneys' fees and suit money, which the court, at the time, denied.

On August 21, 1952, defendant renewed her application for attorneys' fees. Plaintiff moved to dismiss this new motion as precluded by the previous order. No in-

dependent disposition of these pleadings is shown. On October 20, 1952, defendant filed a motion to modify the court's order on the motion to stay so as to require the payment of her attorneys' fees only "to date". Considerable evidence was adduced by defendant to show the extent of the legal services rendered her before the order on the motion to stay and within the 18 months thereafter, for which no fee had been paid. There was evidence of fees incurred by her in the amount of $3,061.56. It was shown that the plaintiff's net salary in the army in 1950 was $7,400. The court sustained defendant's motion to modify the stay order and allowed defendant the sum of $1,500 attorneys' fees. After a rehearing was denied, plaintiff has appealed from the above order so modifying the stay order.

There is no question raised here as to the reasonableness of the amount allowed for attorneys' fees by the order appealed from. It is contended by the plaintiff that the order staying the cause as to attorneys' fees is still in effect and precludes the order appealed from. It is further contended that the burden rests upon the defendant to prove that the fact of plaintiff's being in military service does not affect his ability to prosecute his case and to defend against the defendant's cross petition. Defendant contends that a stay under the Soldiers' and Sailors' Civil Relief Act is a matter for the sound discretion of the Circuit Court; that such discretion has not been abused in denying the stay as to allowance of attorneys' fees in this case; that services for which the award was made to defendant's attorneys was made necessary by plaintiff's own acts; that the amount of the allowance is not disputed, and since there was no possible legal defense available to plaintiff regardless of his military service, his ability to conduct his defense thereto has not been affected by his military service.

Title 50 U.S.C.A. Appendix, Section 521 reads as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within six-ty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service".

Speaking of the burden of proof under the above statute, the Supreme Court of the United States said in Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 1228, 87 L.Ed. 1587: "The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come."

██ Since it is, therefore, a matter for the sound discretion of the trial judge to determine under all the circumstances whether, in the particular case, a stay of the proceedings is required by reason of the Soldiers' and Sailors' Civil Relief Act, the ruling of the court on that issue will not be disturbed unless such discretion has been abused. 130 A.L.R., page 784. In the instant case the husband, a career army man, instituted the divorce action. He supplied himself with counsel through whom his pleadings were prepared and filed, publication of service undertaken, the case presented to the court and a decree by default obtained. Upon learning of this decree the defendant attacked the validity of the service and judgment, whereupon the plaintiff, through his counsel, resisted the attack and pursued the matter through the appellate court. When the decree was set aside and the case remanded and reinstated on the trial docket, and when defendant sought temporary orders for alimony, sup-

port and attorneys' fees, plaintiff, through counsel, filed the motion in question to stay all proceedings under the Soldiers' and Sailors' Civil Relief Act. Thus, he would avail himself of and preserve the benefits of the legal services of his own attorneys, while, at the same time, seeking an order that would render it impossible for the defendant to supply herself with counsel to defend against the plaintiff's charges and to pursue her own cause of action.

In State ex rel. Clark v. Klene, 201 Mo. App. 408, 212 S.W. 55, 57, a similar Act was involved. Like in the instant case, the plaintiff therein, the husband, had obtained a decree of divorce from his wife on purported service by publication. Plaintiff was at the time in the United States army. Upon learning of the decree the wife filed a motion to set the same aside on the ground of fraud. Thereupon, the husband filed his motion to stay the proceedings under the Soldiers' and Sailors' Civil Relief Act. The court in that case held that the statute intended to lodge in the trial court a discretion in its application to prevent making the Act "a sword instead of a shield." The court pointed out that so long as the divorce decree remained of record the wife could not apply for support under the Articles of War and if the stay were granted she would be deprived, until six months had expired after the expiration of war, or until three months after plaintiff's term of service to proceed with the defense against the default decree. The court said: "In other words, the defendant, though she filed a timely motion, setting up fraud upon the court as well as upon herself in the procurement of an ex parte decree of divorce, the plaintiff would be enabled, by invoking the aid of the said act, to deprive the defendant of all her civil rights and remedies, as well as to deprive her of any opportunity to secure her rights under the Articles of War governing courts-martial." The court found that the trial court had not abused its sound discretion in denying the stay of proceedings.

Furthermore, the general rule in this state is that a husband will not be permitted to institute a divorce proceeding against his wife and to maintain the same without affording her the means with which to defend herself therein if she is without adequate means of her own. Burtrum v. Burtrum, Mo.App., 200 S.W.2d 80. Even if the plaintiff in this case were not in the military service and affected in no way thereby in his participation in this proceeding, he could not have avoided a reasonable allowance to his wife to enable her to make her defense in the action brought against her by him.

Considering all the circumstances of the case, we are of the opinion that the court did not abuse its discretion or disregard the Soldiers' and Sailors' Civil Relief Act in making the order complained of to enable defendant to pay her attorneys' fees made necessary by the plaintiff's action for divorce. The order of the court allowing defendant attorneys' fees is affirmed.

All concur.