**Emily J. Everingham, Appellee, v. Thyda Stringer, Appellant.**

**Term No. 46M17.**

Opinion filed October 4, 1946. Released for publication November 12, 1946.

WILLIAM A. McCARTY, of Robinson, for appellant.

MILO D. YELVINGTON, of Newton, for appellee.

MR. JUSTICE BARTLEY delivered the opinion of the court.

Section 100 of the Soldiers' and Sailors' Relief Act of 1940, as amended, provides:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force." 50 USCA, Appendix, § 510.

Section 201 of said Act provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 USCA, Appendix, § 521.

The defendant appellant contends that the trial court erred in not granting a stay of the action involved in this appeal on the motion of her codefendant, Ralph E. Stringer, who is serving in the armed forces of the United States without the boundaries of the continent of the United States, as provided for in the section of the Soldiers' and Sailors' Relief Act, as quoted. If the defendant is correct as to her conten-

tion, other errors assigned need not be considered. No question is raised by the plaintiff appellee as to the right of the defendant appellant to assign error in the respect stated, and the issue made by the defendant appellant is attempted to be met by the appellee as presented.

Plaintiff filed her complaint in forcible entry and detainer in the county court of Crawford county against the defendants on November 13, 1945, seeking recovery of the possession of the premises involved from the defendants who are husband and wife. The premises were improved with a dwelling house which was actually occupied by the defendant, Thyda Stringer, and the son of the defendants, and prior to his entry into the Army of the United States, was actually occupied by the defendant, Ralph E. Stringer, who at the time of the proceedings, was serving as a Major in the Army of the United States, as before stated, somewhere without the continental limits of the United States.

Defendant appellant filed an answer to the complaint denying plaintiff's right to the possession of the premises involved and the allegation in the complaint that the premises were occupied by the defendants as a tenancy from month to month, and averring that they were tenants from year to year and that the oral lease therefor did not expire until July 12, 1946.

Plaintiff filed her affidavit as to the military service of the defendant, Ralph E. Stringer, whereupon no one appearing for him, the court appointed an attorney to represent his interest. This attorney, on December 13, 1945, filed a motion for a stay of the proceedings on behalf of the defendant, Ralph E. Stringer, as provided for in the Soldiers' and Sailors' Relief Act of 1940, as amended. This motion was supported by an affidavit on behalf of such defendant, wherein it was set forth that any arrangement for the occupancy of the premises was entered into between the defend-

ant, Ralph E. Stringer and Emily J. Everingham, plaintiff, or her predecessor in title, and that only the defendant, Ralph E. Stringer, could testify on behalf of the defendants as to that arrangement.

On December 18, 1945, the defendant, Thyda Stringer, filed her motion for continuance, supported by affidavit, because of the absence of the defendant, Ralph E. Stringer, who was in the military service of the United States and beyond the continental limits thereof, whom she alleged was a material witness.

On December 27, 1945, the court overruled the motions for a continuance, and on January 26, 1946, the plaintiff moved for a default against the defendant, Ralph E. Stringer, which motion was taken under consideration pending the hearing of the case, and the case was heard on this day. At the conclusion of the hearing, the cause was taken under advisement, and on February 2, 1946, default was entered against the defendant, Ralph E. Stringer, and judgment for possession against the defendants was entered.

The proofs offered on behalf of the plaintiff, as showing that the premises were occupied as a tenancy from month to month, consist solely of the evidence of the agent of the plaintiff to the effect that he had collected the rent for said premises from the defendant, Thyda Stringer, from October 12, 1944, from month to month in an amount of $35 and $40 per month.

No proofs were offered on behalf of the defendants. The purpose of the Soldiers' and Sailors' Relief Act is to prevent those who are engaged in the very weighty business of defending their country in war from being unduly bothered with their personal responsibilities "in order to enable such persons to devote their entire energy to the defense needs of the nation" as stated in paragraph 100 of the Act, and at the same time, to protect those who were required to cease their own affairs to take up the burdens of war on behalf of the nation. Such Act is always to be lib-

erally construed to bring about these ends. *Boone v. Lightner*, 319 U. S. 561, 87 L. Ed. 1587, 63 Sup. Ct. 1223; *Hellberg v. Warner*, 319 Ill. App. 117.

■■ It is, of course, true that giving effect to the terms of the Act as to the stay of proceedings will sometimes operate to the disadvantage of the opposite party which, while unfortunate, is no more than a reasonable exaction by a government from one of its people at a time when they are engaged in war for their own preservation. Adequate safeguards are contained in the Act to prevent one engaged in military service from taking an undue advantage of an opposite party in the provisions of section 201 wherein, after making the stay mandatory upon the court on application to it by the person in the armed forces or some person on his behalf, it provides "unless, in the opinion of the court, the ability of plaintiff to prosecute the action, or the defendant to conduct his defense, is not materially affected by reason of his military service." By this provision, a discretion is vested in the court which, however, must not be abused. The final question, therefore, for consideration by the court here is whether the trial court abused its discretion in denying the application for a stay, in pursuance of the provisions of the Soldiers' and Sailors' Relief Act, made on behalf of the defendant who was in the armed forces. *Boone v. Lightner, supra; Hellberg v. Warner, supra.*

■ "Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial." *Boone v. Lightner, supra.*

■ Where a party is an important witness and he is absent at a remote place in military service, and there is no other person known by those present cognizant of the disputed facts, his ability to prosecute the action or to conduct his defense is certainly materially affected by reason of his military service. *Boone v. Lightner, supra; Hellberg v. Warner, supra.*

According to the record in this case, the determinative issue for consideration on its merits is whether the defendants were occupying the premises as tenants from year to year, or as tenants from month to month. According to the affidavit filed by the appellant, the premises were leased some years ago by the defendant, who is absent in the armed forces of the United States, from one Alice A. Crowley on a year to year basis of $360 per year, payable in twelve monthly instalments, which rental was thereafterwards increased to $480 per year. From the record, whatever their facts are from the standpoint of the defendants, so far as is known by any of those present, was in the mind of the absent defendant somewhere beyond the continental limits of the United States, in the armed forces of the United States. His ability, therefore, to conduct his defense was materially affected by reason of his military service, and the trial court abused its discretion in not staying the proceedings as provided for in the Soldiers' and Sailors' Relief Act.

The appellee argues that inasmuch as the original letting was made by an ancestor of the plaintiff, that if the defendant, Ralph E. Stringer, were present, he would not be a competent witness and that therefore his ability to conduct his defense was not materially affected by reason of his military service, and she cites, in support of this position, the case of McDermott v. Hoops, 198 Ill. App. 444. That case was an action for rent by the heirs of deceased lessor and it was held that the defendant would not be permitted to testify to facts occurring before the death of the lessor by reason of the provisions of Ill. Rev. Stat. 1945, ch. 51, par. 2 [Jones Ill. Stats. Ann. 107.068]. The affidavit of the defendant, Thyda Stringer, filed for a continuance here, alleges that the original lease for the premises involved was made July 12, 1932, between the absent defendant and one Alice A. Crowley. The evidence shows that upon the death of

Alice A. Crowley, the property descended to the plaintiff and her brother, Joseph B. Crowley. The date of the death of Alice A. Crowley does not appear, but on July 14, 1933, he conveyed his interest to the plaintiff. The affidavit of the attorney appointed for the interest of the defendant, Ralph E. Stringer, sets forth that the original lease was made between the defendant, Ralph E. Stringer, and the plaintiff, or her predecessor in title to the premises. Without deciding whether the case of *McDermott v. Hoops,* 198 Ill. App. 444, is applicable to the situation here as to the competency of the defendant, Ralph E. Stringer, if it is applicable, the said Stringer would be a competent witness as to all facts after the death of Alice A. Crowley, and also to the extent as is within the other exceptions provided by paragraph 2, chapter 51 of the Evidence Act. Moreover, if we assume the defendant, Ralph E. Stringer, an incompetent witness as to facts prior to the death of the said Alice A. Crowley, the facts pertaining to his defense insofar as is known being only within his knowledge, it would seem clear that he would be entitled, in justice, to be present and in some other way assist in the development of his defense.

The judgment of the county court of Crawford county is reversed and the cause remanded to said county with further proceedings in conformity with, and not inconsistent with this opinion.

*Reversed and remanded.*

CULBERTSON, P. J., and STONE, J., concur.