## SIMPSON *v.* SWINEHART.

[No. 18,145. Filed May 7, 1951. Rehearing denied June 8, 1951. Transfer denied December 12, 1951.]

*Cole, Wildman & Cole,* of Peru, for appellant.

*Symmes, Fleming & Symmes,* of Indianapolis; and *Hillis & Hillis,* of Logansport, for appellee.

ROYSE, J.—Appellee brought this action against appellant for damages for personal injuries sustained when he was struck by an automobile driven by appellant. Verdict in favor of appellee for $5,000. Judgment accordingly.

In this appeal appellant makes three contentions: First, the trial court erred in overruling his motion for a continuance; second, the evidence shows appellee was guilty of contributory negligence as a matter of law, and finally, the court's instruction No. 1 was erroneous. We are of the opinion there is merit only in the first question presented.

Appellee contends appellant's brief does not present this question because his statement of the record does not set out the motion for continuance or the substance thereof, and therefore the brief does not comply with Rule 2-17-(d) of the Rules of the Supreme Court. Technically there is merit to this contention. However, in the argument portion of his brief appellant has set out the substance of this motion. Furthermore, appellee, in his answer brief, has set out the motion in full. We prefer to decide cases on their merits. We have been able to determine the question presented from the briefs.

The facts as disclosed by the pleadings may be summarized as follows: The accident occurred on December 4, 1947. Appellant enlisted in the United States Army January 1, 1948 for three years. This action was commenced April 23, 1948. This case was originally set for trial September 26, 1949. Appellant filed a motion setting out he was in the military service of the United States and was stationed in the Philippine Islands and could not be present to defend this action; that at the time of the accident he had a policy of insurance which protected him against liability up to and including the sum of $5,000; that this policy con-

tained a provision requiring appellant to render every assistance within his power to assist said Insurance Company in defending said action; that he was informed by said Insurance Company that unless he attended the trial of such cause when it was set by the court it would deny liability on the theory he had refused to cooperate. The trial court sustained this motion.

Subsequently, this case was again set for trial on March 13, 1950. Appellant, through his attorney, filed a verified second motion for continuance. This motion, after reciting the facts above referred to, averred, in substance, that appellant had been denied a leave to return to the United States by the Supreme Commander of our Eastern forces. It then set out his version of how the accident occurred. It averred his absence had not been caused by any act on his part; that his enlistment would expire January 13, 1951, at which time he would be permitted to come back and defend this action. It further averred appellant knew of no witnesses to said accident; that in all probability appellee would produce witnesses who would testify to facts and circumstances which he could deny or controvert were he present at the trial; that a deposition would be unavailing because appellant and his attorneys cannot know the nature of appellee's evidence until it is introduced in evidence.

Appellee filed a petition opposing the continuance which set out the previous continuances and that he was seventy-two years of age and in poor health; that he amended his complaint by reducing the amount of damages claimed from $10,000 to $5,000, which was the maximum amount covered by appellant's insurance policy. The petition admitted that appellant, if present, would testify to the facts set out in his motion for continuance but did not admit such testimony would be

true. The trial court overruled the motion for continuance and trial was had with the result heretofore indicated.

Appellant recognizes that the right to grant or deny a motion for a continuance ordinarily rests in the sound discretion of the trial court.

Appellee contends the right of appellant depends solely on the provision, §201, of the Soldiers' and Sailors' Relief Act (50 U.S.C.A., Appendix §521, p. 545); that the Supreme Court of the United States in the case of *Boone* v. *Lightner* (1943), 319 U. S. 561, 63 S. Ct. 1223, 87 L. Ed. 1587, has held this Act discloses a congressional intent to invest the trial court with a wide discretion to consider both the rights of both civilians and service men in granting or refusing a continuance. Further, in support of the trial court's decision, appellee relies on the following cases: *Johnson* v. *Johnson* (1943), 59 Cal. App. 2d 375, 139 P. 2d 33; *Hrabak* v. *Hummel* (D. C. P. A. 1943), 55 F. Supp. 775; *Swiderski* v. *Moodenbaugh* (D. C. Oreg. 1942), 44 F. Supp. 687; *Royster* v. *Lederle* (1942), 128 F. 2d 197.

The facts in the case of *Boone* v. *Lightner, supra,* where the Supreme Court of the United States sustained the action of the trial court in denying a continuance, are clearly distinguishable from those in this case. However, we call attention to a significant statement of the Supreme Court in that case: (p. 575)

"The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie*

prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use."

The facts in each of the other cases relied on by appellee are materially different than those in the case before us. In each the request sought a continuance until the end of the war. In several a pre-trial examination of plaintiff and defendant had been taken.

The case of *Royster* v. *Lederle, supra,* was an original action in mandate in which the petitioner sought to compel the District Judge to vacate an order granting a continuance. In that case the Sixth Circuit Court of Appeals said:

"Under the foregoing Act, in case of the insolvency of Ruggiero, petitioner could look to his insurance carrier for the collection of any judgment she might obtain to the extent of $5,000. In view of the fact that the continuance granted by the court in the original action may be for a long duration, the plaintiff in that action is entitled to an order of the court protecting her against loss or damage by reason of the possibility of Ruggiero's becoming insolvent or his insurance carrier becoming unable to meet its obligation. The court should have granted the stay on condition that the insurance carrier execute a bond to the Clerk of the Court for the use and benefit of the petitioner, Dacia Royster, in the penal sum of $5,000, with good and sufficient surety, conditioned on the payment of whatever judgment not in excess of $5,000 she might obtain against the defendant, John Ruggiero, in the event he was insolvent at the time judgment in said action was rendered against him."

We are always reluctant to say that a trial court has abused the discretion vested in it. However, when a record discloses facts which indicate there might

have been a serious miscarriage of justice because of the trial court's action, it is our duty to do so.

We are of the opinion this is such a case. This action was commenced against appellant after he entered the service of his country and was assigned to a foreign land. The motion showed appellant had no other witnesses to the accident. He could not reasonably be expected to anticipate in advance the version appellee and his witnesses would give of how the accident occurred. Hence, he was denied the opportunity to rebut appellee's evidence. He requested a continuance of only a few months. A far different question might be before us if he asked for some long or indefinite postponement of the trial.

We are impressed with the sound reasoning in the case of *Everingham* v. *Stringer* (1946), 329 Ill. App. 490, 69 N. E. 2d 348,.350, 351, where the court reversed an order denying a continuance. Speaking for that court Judge Bartley said:

> "It is, of course, true that giving effect to the terms of the Act as to the stay of proceedings will sometimes operate to the disadvantage of the opposite party which, while unfortunate, is no more than a reasonable exaction by a government from one of its people at a time when they are engaged in war for their own preservation. Adequate safeguards are contained in the Act to prevent one engaged in military service from taking an undue advantage of an opposite party in the provisions of Section 201, wherein, after making the stay mandatory upon the court on application to it by the person in the armed forces or some person on his behalf, it provides 'unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.'

> . . . .

> "Where a party is an important witness and he is absent at a remote place in military service, and

there is no other person known by those present cognizant of the disputed facts, his ability to prosecute the action or to conduct his defense is certainly materially affected by reason of his military service."

Finally, we do not believe appellant's rights in this case were solely dependent on the Soldiers' and Sailors' Relief Act. On the record before us it seems to us the interest of justice required the granting of the postponement for the limited time sought by appellant. *Deacon* v. *Rasch* (1907), 40 Ind. App. 77, 80, 81 N. E. 84; *Post* v. *Cecil* (1894), 11 Ind. App. 362, 39 N. E. 222.

Judgment reversed.

NOTE.—Reported in 98 N. E. 2d 509.