Warren W. KLINE, Appellant
(Petitioner Below),

v.

Debra KLINE, Appellee (Respondent
Below).

No. 2–982A299.

Court of Appeals of Indiana,
Second District.

Oct. 31, 1983.

Leroy M. Wheeler, Indianapolis, for appellant.

James D. Blythe, II, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant-petitioner Warren Kline (Husband) appeals an adverse judgment on his former wife Debra's verified affidavit in contempt and emergency request for modification. Because we reverse on the issue of whether the trial court abused its discretion in disallowing Husband's request for a continuance, we do not reach his second issue.

Judgment reversed.

The trial court granted the dissolution of the Kline's marriage on April 25, 1980. Husband was awarded custody of the couple's two children. The instant action arose from Wife's verified affidavit in contempt and emergency request for modification filed December 22, 1981 alleging she had been denied visitation rights and that, *inter alia,* there had been a substantial change in circumstances such that custody of the children should be awarded to her. The trial court ordered Husband to appear on January 20, 1982, but that hearing was continued to March 4, 1982 on Husband's motion. The March 4 hearing was continued on the trial court's own motion to March 19, 1982. At the March 19 hearing, Husband's counsel requested another continuance. The trial court denied the continuance request, found Husband in contempt, and gave Wife custody of the children.

In explaining its reasons for denying Husband's request for a continuance the trial court recounted three factors:

(1) Husband's failure to timely advise the trial court of his inability to appear in spite of adequate notice of the hearing

(2) the action involves an alleged serious abuse of the court's prior order

(3) substantial expense incurred by Wife in appearing.[1]

Husband again requested a continuance at the close of Wife's case which the court

1. "That matter was set for trial on January the 20th, 1982 at 9:30 a.m. That thereafter, Mr.

Wheeler did enter his appearance on January the 18th, and along with that on his motion was

denied saying "That request will be denied based upon the same grounds as before." Record at 291.

Husband argues the trial court's action in denying his motion for a continuance constitutes an abuse of discretion in that, generally, the prejudice outweighed the benefits, citing *B & D Corp. v. Anderson, Clayton & Co.*, (1979) 180 Ind.App. 115, 387 N.E.2d 476, and specifically, it violates the intent of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix, § 501 et seq. (Relief Act).

Wife counters with the argument Husband's efforts to obtain a continuance failed to comply with Ind.Rules of Procedure, Trial Rule 53.5 [2] and he is not entitled to the protection of the Relief Act because Husband was using it as a delaying tactic to frustrate the judicial process.

The record reveals this contempt and modification action was commenced by wife on December 22, 1981. The hearing scheduled for January 20, 1982 was continued on Husband's motion. The affidavit accompanying the motion stated, in part, that Husband was a gunnery sergeant in counterintelligence, scheduled to deploy in classified maneuvers off Okinawa at the end of January, 1982; that his team commander has determined the only other member of the unit qualified as team chief is medically disqualified and cannot assume Husband's responsibility; that the performance of his military duties makes it impossible for him to appear on January 20, 1982; that, in addition, he has used all his annual leave and is three days in excess.

The trial court granted Husband's motion and rescheduled the hearing for March 4,

able to attach a document signed by Mr. Kline that he could not appear in Court on January 20 and that it would not be possible for him to appear on January 20. It appeared that document was signed January the 8th, 1982 in Okinawa before a certain E.A. Nelson, Officer with the United States Marine Corps. Thereafter, there is an affidavit of service as to additional service of documents and papers signed by Mr. Blythe, it appears in the file and dated January the 19th, related to the previous order and at the request then and because of the request for continuance, this matter was continued and reset for March 4, 1982. That no response other than a Motion for Leave to Withdraw Appearance of Mr. Henke was filed other than counsel did file on February the 19th certain interrogatories. That on March 1, this Court being involved in a jury trial, in another county, did notify the parties that the Court would not be in a position to hear said cause on March 4th. At that time, no request for continuance, no representation was apparently made to this Court anyway or any pleading that the, Mr. Kline could not appear or be present on that date. That such arrangement was at least three or four days prior to the date set for hearing and thereafter, this cause was reset March 19, 1982. That this Court has heard of not contention, complaint, warning or otherwise to suggest that Mr. Kline could not be and appear in this Court. Has heard no telephone calls, no suggestion; in fact, today, only receives a document signed January the 11th, 1982, document signed three days after the first one, signed by the Commanding Officer and makes no statement or reference and apparently is just now for the first time being produced in open Court here on the date set for hearing.

That the reputation under oath, although not yet evidence, but if found to be true, would indicate a serious abuse of this Court's order. That this Court certainly under the circumstances and because of deference to the United States Military and the effort and the service of Mr. Kline in support of his country would probably warrant consideration of a continuance but to present same after here the party now on two occasions has spent substantial money it would appear to fly now more than half way across the country for a hearing seems to be unconscionable to put, to the extent of being almost harassment upon a person who is seeking relief in the Courts of this country. It concerns me that there would be so little regard for this Court and the Court's orders and so for that reason, the Court feels that under the unconscionable for this Court to continue this matter after having been set on several occasions, that adequate notice has been given and not one effort has been made in the last sixty days, at least since the hearing was continued before to alter or to inform or notify anyone that this cause could not be heard because of the inability of the Respondent to be present. And to permit the expense and cost and basically deprive the Court and the parties from resolving this matter, and of the expense, it seems to me to be very serious. Very serious." Record at 176–180.

2. Ind.Rules of Procedure, Trial Rule 53.5 reads in pertinent part:

"Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence."

1982. However, on March 1, 1982, the trial court, due to a jury trial in progress, continued the hearing resetting it for March 19, 1982.

At the rescheduled hearing, Husband's counsel moved for a continuance. He advised the court Husband was currently with the armed forces in Okinawa; that he had applied for leave but had been refused by his commanding officer; that he received a call from Husband on March 18, 1982 wherein Husband recited his unsuccessful efforts to get the order countermanded; that he was required to stay in the far east until he could be eligible for leave in late 1982; that he was not allowed to leave for the reasons stated in the affidavit which Husband's counsel presented to the court. This affidavit, executed January 20, 1982, was from the Team Commander of the 9th Intelligence Team. It stated:

"I am the Team Commander, 9th Counterintelligence Team. Current Marine Corps policy prohibits me from providing specific information concerning mission, capabilities and manning levels of counterintelligence teams. However, Gunnery Sergeant KLINE was assigned to this unit by name by Headquarters Marine Corps Order because GySgt KLINE possesses specific skills that are required by this command. The loss of GySgt KLINE at this time would adversely (sic) effect (sic) the capability of this team to accomplish its mission."

Record at 140.

Husband's counsel further stated he had advised Wife's counsel by telephone on March 1, 1982, "indicating to him the problem with him getting over here." Record at 141. Wife's counsel objected but did not dispute Husband's military status or inability to appear because of his status.

On June 11, 1982, in support of Husband's motion to correct errors, Husband filed an affidavit stating he had made every effort to obtain leave to attend the March 19 hearing. On June 14, 1982, he also filed the affidavit of his team commander which stated Husband was not permitted to leave on March 19, "due to operational commit-

ments and requirements of the ... Team while deployed to Korea." Record at 120.

The parties concede Husband's motion was entrusted to the trial court's sound discretion. Therefore, we review it for abuse of discretion. However, in that context we must also consider the impact of the Relief Act which provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

50 U.S.C.A. Appendix, § 521.

In *Boone v. Lightner,* 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943), the United States Supreme Court construed the Relief Act. The Court made the following conclusions:

1) The Relief Act cannot be construed so as to require a continuance on a mere showing a party is in the military service;

2) The trial court is vested with discretion by the clause "unless, in the opinion of the court, the ability of ... the defendant to conduct his defenses is not materially affected by reason of his military service; and

3) The Relief Act does not make an express provision as to who must carry the burden of showing a party will or will not be prejudiced; the Court refrained from setting a rigid burden of proof.

Applying *Boone,* the court in *Tabor v. Miller,* 389 F.2d 645 (3rd Cir.1968) cert. denied, *Stearns v. Tabor,* 391 U.S. 915, 88 S.Ct. 1810, 20 L.Ed.2d 654 (1968) aff'g 269 F.Supp. 647 (E.D.Pa.1967), held there was not an abuse of discretion in the denial of a

request for a continuance where the movant invoked the protection of the Relief Act but failed to make a showing of his actual unavailability and that his rights were adversely affected by absence from the trial.

*Tabor* is in accord with *Simpson v. Swinehart,* (1951) 122 Ind.App. 1, 98 N.E.2d 509. Swinehart initiated an action for injuries sustained when he was struck by an automobile driven by Simpson. The action was brought against Simpson after Simpson entered military service and was assigned to duty in a foreign country. In holding the trial court abused its discretion in denying Swinehart's request for a continuance the appellate court stated:

> "We are always reluctant to say that a trial court has abused the discretion vested in it. However, when a record discloses facts which indicate there might have been a serious miscarriage of justice because of the trial court's action, it is our duty to do so. We are of the opinion this is such a case. This action was commenced against appellant after he entered the service of his country and was assigned to a foreign land. The motion showed appellant had no other witnesses to the accident. He could not reasonably be expected to anticipate in advance the version appellee and his witnesses would give of how the accident occurred. Hence, he was denied the opportunity to rebut appellee's evidence. He requested a continuance of only a few months. A far different question might be before us if he asked for some long or indefinite postponement of the trial."

98 N.E.2d at 511. The appellate court further quoted the following language from *Boone v. Lightner,* (1943) 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587:

> "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use."

98 N.E.2d at 511.

Husband's circumstances are similar to Simpson's in that Husband was not able to attend the March 19 hearing due to his military service. The record is devoid of any evidence or reasonable inferences therefrom that Husband's absence was the result of anything other than a direct military order based upon a legitimate military interest. Furthermore, his absence was prejudicial to him. As the Supreme Court recognized in *Boone,* absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial. This is particularly true given the nature of the subject proceeding which involved Husband's alleged contemptuous conduct as well as the issues of the best interest of the children and the existence of a substantive and continuing change of circumstances involved in Wife's petition for change of custody.

Husband's delay in advising the trial court of the necessity for a continuance is not to be overlooked. Nevertheless, the regretted inconvenience to Wife is better handled by an award of her costs and expenses. Given that Husband has shown good cause for his absence and prejudice to his defense we hold the trial court abused its discretion in denying his motion for continuance. The trial court could have continued the contempt hearing and child custody determination and awarded Wife the expenses she incurred because of the delay.

Judgment reversed.

BUCHANAN, C.J., and SULLIVAN, J., concur.